

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-12-00414-CV

_____

**INSURANCE COMPANY OF THE**
**STATE OF PENNSYLVANIA,**

**Appellant**

 **v.**

**MERLE A. HUGHES,**

**Appellee**

_____

**From the County Court at Law**
**Hill County, Texas**
**Trial Court No. 46131**

_____

## ORDER OF REFERRAL TO MEDIATION

_____

On November 7, 2013, this Court entered an order referring the parties to mediation. On March 24, 2014, this Court requested a status report from Appellant on the mediation. Appellant responded that the parties reached a settlement, but that the Texas Department of Insurance, Division of Workers' Compensation (the Division) filed a petition in intervention in the trial court. The petition in intervention states that the

settlement agreement does not comply with the requirements of the Texas Labor Code

in that the settlement agreement as written provides for:

1. Payment of benefits in a lump sum other than as provided by Section 408.128 of the Texas Labor Code.

2. Limitation or termination of the claimant's right to medical benefits under Section 408.021 of the Texas Labor Code.

*See* TEX. LABOR CODE ANN. § 410.256 (West 2006).

This Court refers the parties to return to mediation. The Court assigns Michael W. Hartley as the mediator. The parties should attempt to mediate a settlement agreement that does not contain the provisions set out above.

Mediation must occur within thirty days after the date of this order. No less than seven calendar days before the first scheduled mediation session, each party must provide the mediator and all other parties with an information sheet setting forth the party's positions about the issues that need to be resolved. At or before the first session, all parties must produce all information necessary for the mediator to understand the issues presented. The mediator may require any party to supplement the information required by this Order.

Named parties must be present during the entire mediation process, and each party that is not a natural person must be represented by an employee, officer, agent, or representative with authority to bind the party to settlement.

Immediately after mediation, the mediator must advise this Court, in writing, only that the case did or did not settle and the amount of the mediator's fee paid by each party. The mediator's fees will be taxed as costs. Unless the mediator agrees to mediate without fee, the mediator must negotiate a reasonable fee with the parties, and the parties must each pay one-half of the agreed-upon fee directly to the mediator.

Failure or refusal to attend the entire mediation as scheduled may result in the imposition of sanctions, as permitted by law.

Any objection to this Order must be filed with this Court and served upon all parties within ten days after the date of this Order, or it is waived.


PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Order issued and filed May 1, 2014